Parker, C. J.
By the common law, when the father has no settlement, the children of the marriage have the * set- [ * 53 ] tlement of the mother (2). The pauper, in the case before us, was born between the years 1701 and 1767, during which period the common law with respect to settlements prevailed here. The pauper therefore, at the time of his birth, had his lawful settlement in Berkley. This settlement he retains until the present time, unless he has since acquired a new one.
It is contended that, as his mother gained a derivative settlement in Taunton, by her marriage with Ingell, this was communicated to the pauper, who was then a minor, and went with his mother to Taunton, and lived with his step-father a part of the time, and part of the time with another person of the name of Ingell, in Taunton.
But it appears to be well settled, that at the common law, minor children, although they be removed with the mother to the place of settlement of her husband, did not thereby acquire a derivative settlement under the mother. They might be continued with the mother for nurture ; but their settlement was not changed thereby. This is distinctly settled in the cases cited by Mr. Williams for the defendants. The pauper, therefore, in this case, never gained a settlement in Taunton (3).

Plaintiffs nonsuit.

 Com. Dig. Tit. Justices of Peace, B. 72. Parentage, and the cases there cited.

 [Dedham vs. Natick, post, 135. —Ed.]