Opinion op the Court,
by Ch. J. Boyle.
A fieri facias was issued in the name of Johnson against Rudd and Ferguson, bearing date the 21st February,'and returnable the 5th of April, 1822, and was returned by the sheriff of Jefferson county, to whom it was directed, with credits for money received by him, of the following dates:
March the 9th, 1822, $566
April the 3rd, 1323, 400
April the 22d, 1822, 340
May the 20th, 1822, 132
Johnson afterwards, on notice for that purpose, moved the circuit court to quash the return of the sheriff, so far as it purports to be for the receipt of money on the execution after the return day, and the court cordingly quashed so much of the sheriff’s return, to which Rudd and Ferguson excepted, and have appealed to this court.
As a general rule, it is perfectly clear, that a sheriff ean nave no authority, m virtue of an execution, to ceive money after the return day of the execution; nor can he in his official character, and his securities, made liable for money so received.
Where the sheriff before the return day takes property, he may no doubt self the property afterwards, upon the ground that the authority to take and sell property, is entire, and he who begins its execution may finish it; but this principle is inapplicable to the present case.
*20 The receipt of a part of the money before the return c|ay 0f the execution, was complete in itself, anti the receipt of the residue afterwards, had no dependence upon it, or connexion with it, and most clearly the former could have given to the sheriff no authority to do the latter, no more than the seizure and sale of property, whereby a part of theTnoney was made before the return day of an execution, could authorize the sheriff to seize and sell other property after the return day, to make the residue of the money.
Upon the principle of the entirety of. the authority to seize and sell under an execution, the sheriff, if he had seized property before the return day, might unquestionably receive the money after the return day, without selling the property seized; and it is contended in this case, that we ought to presume that the sheriff had seized property; but as the sheriff has giyen no intimation in his return, that he had done so, to presume that he had, would be indulging a presumption in favor of officers, farther than ever has been done, and farther than any just principle would warrant.
Where an officer'has an authority to act, he will be presumed to have acted correctly; but where the existence of some fact is necessary to give him authority to act, such fact must be made to appear and^cannot be presumed.
The judgment must be affirmed with costs.