# THE INHABITANTS OF ST. GEORGE *vs.* THE INHABITANTS OF DEER ISLE.

The incorporation of a town fixes the settlement of all persons having their legal home within the territory incorporated; whether they be actually resident thereon at the time of the incorporation, or not.

If, at the time of the incorporation of a town, a person having a legal home, there, be resident in another town, at service, with the intention of returning at some future day, which intention was afterwards abandoned; such subsequent abandonment of the purpose of returning does not affect the question of settlement.

THIS was an action of *assumpsit* for the support of certain paupers. It was briefly argued by *Thayer,* for the plaintiffs, and *Abbot* for the defendants. The facts are stated in the opinion of the Court, which was delivered at *August* term in *Oxford,* by

MELLEN C. J. The only question in this cause is, whether *Sally Pressy,* the grandmother of the paupers, gained a settlement in *Deer Isle* by virtue of the act by which it was incorporated as a town, passed *January* 30, 1789. She was then about seventeen years of age. Her father died in 1773 or 1774, and her mother was married about 1775, to one *Curtis;* and after his death, was again married to one *Sheldon* about 1786 or 1787. *Sally Pressy*

continued to live with her mother, on the same farm on which her father had lived, until *June* 1788. She then went to *Thomaston*, and lived a few months as a hired servant with one *Coombs*; then returned to her mother's house at *Deer Isle*, and stayed a few months; then went back to the house of *Coombs*, where she continued to live as before till *July* 1789, when she was married to one *Welch*, of *Thomaston*, where she has lived ever since. *Welch* was a foreigner. While living at *Coombs'*, *Sally Pressy* called *Deer Isle* her home, and frequently spoke of returning to it. If at the time of the incorporation, she had a legal home in that town, her absence from it, while living in *Thomaston* in the manner before described, would not change or affect her domicil; such absence being temporary, and accompanied with the intention of returning; and which intention seems only to have been abandoned when she was married. Had she then a home in *Deer Isle* at the time of its incorporation? It is true *Sheldon* was not bound to maintain her, merely because he had married her mother; and therefore she had no legal right to remain in his family on his expense. Upon her mother's marriage with *Sheldon*, *Sally Pressy* must be considered as having resided in his family *by permission* only. Her mother gained a settlement with her husband *Sheldon*, because he was an inhabitant of *Deer Isle* at the time of its incorporation; but this settlement was not communicated to *Sally Pressy*. To this point see *Freetown v. Taunton* 16 *Mass.* 52, and *Plymouth v. Freetown* 1 *Pick.* 197. Upon the facts we have thus far stated, *Sally* seems to have had no home in *Deer Isle* in *January* 1789; and never to have gained a settlement there. But there is another fact deserving consideration. *Sally Pressy's* father died seised of the above mentioned farm, and left a son and two daughters; of course *Sally* was entitled to one quarter part of the farm; her brother taking a double share; and she and her sister taking each a quarter. Though *Sheldon* and his wife lived on the farm, it did not belong to them. *Sally* had a legal estate in it, and a legal right to enter and occupy it, after her father's death. This estate she owned until after the act of incorporation was passed; and she then sold it for $100. These facts shew that she had a house and home in *Deer Isle*, from the time of her father's death, until the time she sold her

share. Though the farm was subject to her mother's dower, that could not affect her legal rights as to the residue; and even as to this point, it does not appear that the dower was ever assigned to her. Having this legal home at *Deer Isle*, we have before said, that *Sally Pressy's* absence at service in *Thomaston* at the time of the act of incorporation, can make no difference. The last inquiry is whether she, though having her home in *Deer Isle* at that time, was capable of gaining a settlement by virtue of the act, she then being a minor. In the case of *Hallowell v. Gardiner* 1 *Greenl.* 93, we decided that a minor child, *residing with her parents and under their care and nurture*, did not gain a settlement by the incorporation of *Gardiner*. The present case differs from that. *Sally* did not reside with her parents at their expense, after *June* 1788; and had no right so to do. Then do the facts of this case shew that she was emancipated before the incorporation? If so, then she could gain a settlement in the manner supposed as well as though she had been of full age. A father-in-law is not obliged to maintain his children-in-law, which his wife had by a former husband, and consequently is not entitled to their earnings; but in such cases the minor children are entitled to their own earnings, and may maintain an action to recover them. *Freto v. Brown* 4 *Mass.* 675. *Commonwealth v. Hamilton* 6 *Mass.* 273. Upon these principles *Sally Pressy* was independent of her mother; entitled to her own wages, and free to pursue her own course of life; having no claims on others, others had none upon her. She was thus emancipated and capable of gaining a settlement in her own right. See also *Lubec v. Eastport ante p.* 220. The conclusion is, that by the act of incorporation *Sally Pressy* gained a legal settlement in *Deer Isle*; and there must be judgment for the plaintiffs.