THE INHABITANTS OF PARSONSFIELD *vs.*  THE INHABITANTS OF KENNEBUNKPORT.

Minor children follow the settlement which their mother acquires by a second marriage.

The domicil of a minor is not changed by absence from the parent's house seven years, at service in different places, there being no evidence of any intention not to return.

THIS case, which was *assumpsit* for the  support of a pauper, was brought up by the defendants who appealed  from a decision of *Whitman C. J.* rendered against  them in the  Court below, upon a statement of facts agreed by the parties.

The question was upon the settlement of the pauper, who was a female under twenty one years of age,  having a mother living, but no father.    It was agreed that the mother of the pauper formerly had her settlement in *Parsonsfield*, and was there married ; but her husband had no lawful settlement in this State, and he died previous to the year 1811.    In *January* 1811 the mother, while the pauper resided with her, married a second husband, whose dwelling and legal settlement were in *Kennebunkport*, in which town she has ever since resided.   After this marriage the pauper continued to live with her mother till 1816, at which time she left *Kennebunkport*, and has ever since resided in *Parsonsfield*

and *Cornish*, working out by the week. In one of these towns she dwelt on the 21st day of *March* 1821, engaged in her usual employments, and so continued till the supplies in this case were furnished.

The cause was submitted to the Court upon written arguments furnished in the last summer vacation, of which the following is an abstract.

*McIntire*, for the plaintiffs. The settlement of the pauper in *Parsonsfield*, was changed to *Kennebunkport* in one of two modes;— 1st. by following the settlement of her mother, as is provided in the second mode in *Stat.* 1793, *ch.* 34, *sec.* 2 ;—or, 2d. by having her domicil in *Kennebunkport* at the time the statute of *March* 21, 1821, was passed, from which place she was then absent only for the purpose of labor.

1. It has often been decided, under the statute of 1793, that the settlement of legitimate children, changes with that of the father, until they are emancipated. And recently in *Massachusetts*, in a case parallel with the present, the settlement of the mother, acquired by a second marriage, has been holden to transfer the settlement of her minor children by the former husband. *Plymouth v. Freetown 2 Pick.* 197. If it be objected, that the marriage of the mother was an emancipation of the children, by rendering her incapable to do any act affecting their settlement or conduct ; it may be replied that the settlement was changed by the act of marriage, which was perfect and complete before the power of the husband commenced ; and of course before she could have parted with any of her own rights. And moreover the change of settlement in the children is effected not by the act of the mother, but by the operation of law upon the marriage itself ; in the same manner as it operates upon the acquisition of a freehold estate either by purchase or descent ; or upon the incorporation of a plantation. In either of these cases, the settlement of the mother would, without any volition of her own, affect the settlement of the children ; and her settlement acquired by a second marriage, as it rests on the same principles, ought to be attended with the same consequences. But the

Parsonsfield v. Kennebunkport.

minor child is not emancipated by the marriage of the mother ; even in the case of an illegitimate child ; *Wright v. Wright* 2 *Mass.* 110 ; much less in the case of those born in wedlock. *Petersham v. Dana* 12 *Mass.* 429. *Dedham v. Natick* 16 *Mass.* 135; and with good reason, too, is it so held; because the mother, as well as the father, is bound to support them, by *Stat.* 1793, ch. 59, and at the marriage of a widow, having children, the second husband assumes all her pecuniary as well as personal responsibilities. The pauper therefore, followed the settlement of her mother. 2. But if she was emancipated by the second marriage of her mother, she was capable of gaining a settlement by the statute of *March* 21, 1821 operating upon her domicil ; and this, as the case shews, she had fixed at the house of her mother in *Kennebunkport.* This place, according to the decision of this court in the case of *Parsonsfield v. Perkins* 2 *Greenl.* 411, must be considered as her home, until she manifests her intention of fixing one in some other place. But no such intention appears, and is not to be presumed. On the contrary she was absent only for temporary purposes of labor.

*Dane,* for the defendants. 1. At common law, minor children, though they are removed with the mother to the place of settlement of her husband, did not thereby acquire a derivative settlement under her ; though they might be continued with her for the purposes of nurture. *Freetown v. Taunton* 16 *Mass.* 52. *Cumner Parish v. Milton Parish* 3 *Salk.* 259.

2. This rule of the common law is not changed by *Stat.* 1793 ch. 34, which enacts that legitimate children, if their father have no settlement, shall follow that of the mother ; because this is not to be referred to her settlement gained by a second marriage but to one acquired in some other way, consistent with her right to control the persons of her children. This limitation of the rule is considered as fully supported by *Parsons C. J.* in *Springfield v. Wilbraham* 4 *Mass.* 493. The foundation of derivative settlements is the parental right to control the person, and to receive the earnings of the child. But neither of these rights being permitted to the father in law, he communicates no new rights to the children of his wife. As to him, they are emancipated, and

therefore capable of acquiring settlements of their own. For every minor is emancipated who is not bound to yield his person nor the avails of his labor to the control of another. The settlement of the pauper therefore remained in *Parsonsfield*, unaffected by the second marriage of the mother. *Freto v. Brown* 4 *Mass.* 675. It can hardly be necessary to add that the mother retained no legal right over the child, where her husband had none; since her rights are commensurate only with his.

If the father in law acquired by the marriage no right over the person of the pauper, neither did she thereby gain a right to the protection of his house as her domicil or home. And therefore she was settled by the operation of *Stat.*1821, *ch.* 122 in the town where she then dwelt and had her home; which, as the case finds, was either in *Parsonsfield* or *Cornish*.

The case of *Plymouth v. Freetown* 1 *Pick.* 197, may seem to militate with these positions; but that case, it will be observed, was decided without argument, and does not appear to have received much consideration; and the point now made was not presented to the court.

MELLEN C. J. delivered the opinion of the court at the ensuing *November* term in *Cumberland*, as follows:

By the second marriage of the pauper's mother in 1811, she lost her original settlement in *Parsonsfield* and gained a new one in *Kennebunkport*; the pauper being then about five years of age. The first question is whether she thereby gained a derivative settlement in that town also under the mother; and if she did, second, whether she ever lost it by gaining another. Prior to the statute of 1793, *ch.* 34, minor children, having the settlement of their mother, did not acquire a new settlement gained by her marriage, although they removed with her to the place of such new settlement. Such was the common law. See *Freetown v. Taunton* 16 *Mass.* 52, and cases there cited. But that statute altered the common law in this respect, and provided that "legit-" imate children shall follow and have the settlement of their " father, if he shall have any within the commonwealth, until " they gain a settlement of their own; but if he shall have none,

" they shall in like manner follow and have the settlement of their " mother, if she shall have any." The decision in the case of *Plymouth v. Freetown* 1 *Pick.* 197 recognizes, and is founded on this distinction. It is said that that case was submitted without argument, and that the opinion of the court is briefly given. Still the facts of that case are similar to those of the present ; and the reasons of the opinion are clearly stated. There seems to be no reason for questioning its correctness. We do not perceive how the case of *Springfield vs. Willraham*, cited by the defendant's counsel, can have any bearing on this cause. The point there decided was that, upon a father's gaining a new settlement, a child of full age, voluntarily living with him, does not gain a new settlement within the abovementioned statute of 1793. The case at bar presents no question resembling this in any degree. We are therefore satisfied that the pauper gained a settlement in *Kennebunkport* in virtue of her mother's second marriage. The second question is whether the pauper has lost this settlement by gaining one in *Parsonsfield* or *Cornish* in virtue of the statute of 1821, *ch.* 122. She was at that time about fifteen years of age ; but in the year 1816, she left *Kennebunkport* and had continued to reside in *Parsonsfield* and *Cornish,* " working out by the week. In one " of these towns she resided when the act was passed, engaged in " her usual employment, and continued so to reside until the sup- " plies were furnished." From the time of her mother's marriage she continued to live in the family of her father-in-law, and under her mother's care, till 1816 ; and the case presents no facts shewing the reasons of her leaving this family and going to *Parsonsfield* or *Cornish*, and working out, as mentioned in the statement. Such a practice is very common in all parts of the country. It is true, her father in law was not bound to maintain her ; but no facts appear shewing that his house was not a home for her, so long as she inclined to remain in his family. So that when she went into the country she seems to have had a home to which she was welcome, as well as a legal settlement, in *Kennebunkport.* The case gives us no grounds on which we are to construe her residence in *Parsonsfield* and *Cornish* as any thing more than a temporary one, for purposes of personal convenience or advant-

age ; she having the liberty to return to the family of her father in law at her pleasure. Not a fact in the case forbids this conclusion, or even renders it improbable. See *St. George v. Deer Isle* 3 *Greenl.* 390. We cannot consider the pauper as having resided, dwelt and had her home either in *Parsonsfield* or *Cornish* on the 21st of *March* 1821, according to the true intent and meaning of the statute before mentioned, passed on that day ; and on these grounds the defence fails. It is not necessary to decide whether, upon the facts before us, the pauper was emancipated by her mother's second marriage, because, if she was, it is of no importance in this case, unless she gained a settlement in *Parsonsfield* or *Cornish* under the act of 1821 ; and as she did not, her capacity to gain one, could not alter the case. According to the agreement of the parties a default must be entered.