Chinn vs. Mitchell.

CASE 18—PETITION EQUITY—JUNE 16.

## Chinn vs. Mitchell.

APPEAL FROM MASON CIRCUIT COURT.

1. Clerks of circuit courts are not authorized by law to receive money upon judgments, executions, or replevin bonds of which the law makes them custodians; and a practice of that kind, though general, would confer no right upon such officials to assume such agency. A payment to a clerk of such demands, unless authorized by the party, or specially directed by a court having control of the fund, furnishes no protection to the party making the payment. (*Durant vs. Gabby, ante,* 91.)

2. Usury in the debt sought to be collected was known to the party before the judgment by ordinary proceedings was rendered against him, and was then available as a defense either at law or in equity. He failed to rely on it, however, but seeks an injunction or modification of the judgment to the extent of the usury. *Held*—That he is not entitled to the relief. (*Civil Code, sec.* 14; *Greer vs. George, MS. Opinion, Dec.,* 1856.)

3. Where a party is sued upon a debt which contains usury, and the defense is known to him, but he fails to set it up in the action, and judgment is rendered against him therefor, he may, after paying the usury, sue for and recover the amount thus paid, as upon a distinct cause of action against the party receiving it, although no modification or change of the former judgment embracing the usury could have been made.

Jno. T. Dye, for appellant, cited 2 *Kent,* 799, 800; *Story on Agency, secs.* 255, 258, 259, 260, 250; 14 *B. Mon.,* 157.

J. P. Metcalfe, on same side, cited *Rev. Statutes, page* 180; *Ib., sec.* 1, *art.* 9, *page* 319; *Ib., art.* 12, *sub-sec.* 2 *of sec.* 1, *page* 322; *Ib., sec.* 3, *art.* 18, *page* 329; 14 *B. Mon.,* 157; 3 *Littell,* 116, 117; 7 *Mon.,* 354; 5 *Mon.,* 467–8; 4 *J. J. Mar.,* 87; 5 *Mon.,* 393; 7 *J. J. Mar.,* 176; 2 *B. Mon.,* 335; 5 *B. Mon.,* 18; 3 *Bibb,* 248; *Rev. Statutes, sec.* 3, *page* 420; *Civil Code, sub-div.* 4 *of sec.* 125; *Ib., secs.* 111, 307, 308, 314.

H. Taylor, for appellee, cited *Civil Code, sub-div.* 4 *of sec.* 125; *Ib., secs.* 14, 299.

JUDGE STITES delivered the opinion of the court:

This was a proceeding in equity by Chinn against Mitchell, to enjoin the collection of an execution which issued upon a replevin bond payable to the latter.

The circuit court refused to enjoin any part of the execution, and dismissed the petition with damages; and of that judgment Chinn complains.

The grounds relied on for relief were, that, prior to the maturity of the replevin bond, and whilst the same was in the legal custody of the clerk of the circuit court of Mason county, Chinn had paid to said clerk—who was authorized by law to receive the same—the sum of $285 on account of said bond; that Mitchell had subsequently ratified and confirmed said payment by looking to the clerk for the money, and that the remaining $50 due upon the bond was for usury.

Mitchell, by his answer, denied that the clerk had any legal authority to receive the sum paid him by Chinn; and also denied that he had in any way authorized or ratified the act of the clerk in collecting the money. He also repudiated such act, and insisted that the payment, if made at all, was—so far as he was concerned—of no effect whatever.

With regard to the alleged usury—which he did not deny—he relied that it was too late then for Chinn to present such a defense. But insisted that it was a matter of defense known to him prior to the judgment on which the replevin bond was based, and it was his duty to have then relied on it.

Three questions arise upon this state of facts—

1. Was the clerk of the circuit court authorized by law to receive the money paid him?

2. Did the subsequent acts of Mitchell amount to a ratification of the assumed agency of the clerk? and

3. Had the chancellor the power to modify the judgment or enjoin any part of the money on the ground of usury then presented?

1. We are aware of no express statutory law which authorizes clerks to receive moneys in their official capacity on judgments, executions, or replevin bonds, of which the law makes them custodians. Nor have we been referred to any authority which recognizes such power by implication.

It may be, as is contended, that such is the practice of clerks in many of the counties in the State; but we are unwilling to admit that a practice of that kind—though general—confers a right upon such officials to assume such agency.

Attorneys of record generally have authority, as agents, to collect for their clients, and their receipts in satisfaction of judgments, executions, and other debts of record, are generally deemed sufficient in satisfaction of such demands. Sheriffs, constables, and, in some instances, coroners and jailers, are by law empowered to collect money on executions. But even this class of officers, as has been repeatedly held by this court, have no right to receive money on executions placed in their hands for collection, after the return day—unless such process has been levied—because their act is then unofficial. (5 *Littell*, 19; 2 *J. J. Mar.*, 29.) The only other class of officers allowed by law to collect money upon demands of the description alluded to, are such as act under the mandate, decree, or order of some court authorized to confer this power upon them —such as commissioners, receivers, &c.

The duties of a clerk are altogether of a different character, and neither inferentially or directly confer upon him any right,

as clerk, to receive money on debts of record of which he may be the custodian. And a payment to him of such demands, unless authorized by the party, or specially directed by a court having control of the fund, furnishes no protection to the party making the payment. (*Durant vs. Gabby, present term.*)

2. The testimony does not warrant the conclusion that the payment to the clerk by Chinn was subsequently recognized and ratified by Mitchell.

Giving the utmost effect to the evidence of the clerk and Allen, it only shows, as we think, that Mitchell was indulgent; that he wanted his money, and would have been content to have received it from the clerk; but not that he waived any right to look to Chinn upon the bond, or in any wise recognized the clerk as the debtor.

3. The 14th section of the Civil Code provides that "a judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered. But such judgment does not prevent the recovery of any claim, though such claim might have been used as a defense by way of set-off or counter claim in the action on which the judgment was rendered."

This section was adopted as an amendment to the original Code at the session of 1853–4, and took effect after the decision of this court in *Dorsey vs. Reese*, (14 *B. Mon.*,) which recognized the validity of an equitable defense after judgment, though existing and known prior to judgment. So that that case does not apply to the present.

Neither have we any difficulty upon this last point, because of the Revised Statutes, (*sec.* 3, *p.* 420,) which authorizes a court of chancery to grant relief against usury, and compel necessary discovery from the lender. Such was the law prior to the adoption of the statutes, and such is still the law; but the party seeking such relief must pursue it in the manner prescribed by the Civil Code *supra*, which, if in conflict with the Revised Statutes, must prevail, as is expressly provided in section 748 of the Code.

Here the matter of usury in the debt sought to be collected was known to the party before the judgment, and was then available in defense, either at law or in equity. He failed to rely on it, however, and now seeks an injunction or modification of the judgment to the extent of the usury. He comes directly within the inhibition of the section *supra*, and is, therefore, not entitled to the relief. (*Greer vs. George, MS. opin., Dec.*, 1856.) If he had *paid* the usury, and sought relief on that ground, it would have been the duty of the court to have awarded him a judgment for the amount thus paid as upon a distinct cause of action against the party receiving it, although no modification or change of the former judgment embracing the usury could have been made ; and if he is yet compelled to pay it upon the execution, his cause of action will then accrue ; but as the law now stands he cannot, in the mode adopted, avail himself of the usury embraced in the judgment to procure a modification of or an injunction against said judgment, or any part thereof.

Neither one of the grounds relied on for reversal is deemed tenable, nor is there, in our opinion, any error in the record.

Wherefore, the judgment is affirmed.