CASE 37—PETITION ORDINARY—FEBRUARY 5.

# James, &c., vs. Yates.

### APPEAL FROM MERCER CIRCUIT COURT.

A sheriff is responsible to the plaintiff in an execution for money paid thereon to his deputy while it was in his hands, although the payment was made after the return day, and the execution had not been levied. (*Rev. Statutes, chapter* 91, *section* 37.) And the sheriff having paid it, the sureties of the deputy are responsible to him, upon their bond to indemnify him against loss on account of the official acts of the deputy.

Where an execution, after the return day, and before levied, was handed by the deputy sheriff, in whose hands it was, to another deputy, and was by the latter collected and paid to the former, who failed to pay the same to the plaintiff, his sureties are responsible to the principal sheriff, who paid it, upon their bond to indemnify him against loss on account of the official acts of the deputy.

BELL & POSTON, for appellants.

JAMES D. HARDIN, for appellee, cited *Civil Code, pages* 99 *and* 100; *Rev. Stat., pages* 613, 614, 615, 616, 618.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

At the January term, 1857, of the Mercer county court, the appellee was qualified as sheriff of said county, and upon his motion A. M. Crockett was qualified as one of his deputies.

In order to protect and secure Yates from loss in consequence of any of the misconduct of Crockett as his deputy, the appellants executed a written obligation to appellee, in which they undertake and bind themselves to keep said Yates harmless and free from all loss and damage, "*in any shape, manner, and form*," from and on account of any neglect, misman-

agement, default, or failure of said Crockett in his said official acts as deputy sheriff of Mercer county ; and, should any judgment or order of the court be entered against the said Crockett, in his said official capacity as deputy sheriff, or against said Yates on his account, they bound themselves to pay or cause to be paid the same.

That obligation, as copied in the record, is without date, but it is averred in the petition that it was executed on the — day of June, 1857, which is admitted in the answer.

This action was brought in the court below, by appellee against appellants, to recover the amount which A. M. Crockett, as deputy of Yates, collected upon an execution which issued from the office of the Mercer circuit court on the 14th of September, 1857, in favor of Hector P. Lewis against the estate of John C. Dean and Job Dean, upon a replevin bond, for five hundred and fifty four dollars and twenty-five cents, with interest from the 12th of June, 1857, till paid, and fifty cents costs ; which execution, appellee alleges, was placed in the hands of Crockett, as his deputy, and upon which he collected the sum of $500, but failed to pay the same, or any part thereof, to the plaintiff in said execution, or any one for him, and had used and converted the said sum of money to his own use, by applying the same to the payment of that amount of the revenue of the State, which, he, as deputy as aforesaid, had collected and had failed to pay over, as he was bound to do by law ; and that, in consequence of the failure of Crockett to pay the money over to the plaintiff in the execution, he had been compelled to pay it ; which failure of Crockett to pay the money over, appellee alleges, rendered appellants responsible to him on their obligation, and asked judgment against them.

Appellants, in their answer, deny that they are responsible, because they say that, after said execution came to the hands of said Crockett, as deputy for appellee, he handed the same to Philip Allen, another deputy of appellee, who collected the $500 on said execution from the defendants, or one of them, and that Allen, after he had so collected said sum of money, loaned it to Crockett ; that the same was not applied by Crock-

ett to pay his part of the State revenue and county levy, as charged, for that they had settled that matter with appellee, and had his receipt for the same, and they were not responsible upon their bond for the money collected on said execution, as it was collected by Allen, and loaned by him to Crockett.

The law and facts were submitted to the circuit judge, who, after hearing the evidence, rendered judgment in favor of appellee, from which appellants appealed.

It appears, from the proof, that the execution had been placed in the hands of Crockett, as deputy of Yates, to collect; and sometime in December, 1857, after the retun day of the execution, Philip T. Allen, who was also a deputy of Yates, was going into the neighborhood of the defendants in the execution, and Crockett handed him the execution, requesting him to tell the defendants to send him the money. After this occurred, John C. Dean, one of the defendants in the execution, in Harrodsburg, paid Allen $500 on the execution, in presence of the witness, Tompkins; which payment was indorsed on the execution, and signed by Allen as deputy for Yates. Allen then left the clerk's office, where Dean had paid him the money, with it, and in a few minutes returned with Crockett's due bill for $590, dated the 14th day of December, 1857, that being the same day the money was paid on said execution by Dean. The money which Crockett got of P. Allen, as McFatridge proved, was applied by Crockett in the payment of part of the revenue which Crockett had collected as deputy sheriff and was bound to pay over.

Poston does not prove that the money which Crockett got of Allen was not applied to the payment of the revenue collected by him, and the settlement and receipt referred to by him show that, after giving Crockett all the credits for payments he was entitled to, there was a balance against him of $412 02, which amount appellants paid; but it is perfectly clear that the money received by Crockett from Allen was not embraced in that settlement, and appellee, in the receipt then executed, expressly reserved the right to assert any claim he had against them as sureties of Crockett for any official delinquency or misconduct of Crockett as his deputy.

It is insisted by appellants that as Allen gave up to appellee the note of Crockett, which he took at the time he paid to him the money collected of Dean, and which he still had, they were thereby released from any liability they might otherwise have been under to him upon their obligation. It is not shown by the proof, however, that he received Crockett's note in satisfaction of the demand, but, upon the contrary, Poston proves that appellee said he looked to appellants to indemnify him.

Again, it is contended that appellee was not bound to pay the money to the plaintiff in the execution; that it had not been levied, and the payment of the money by Dean to the deputy, after the return day of the execution, was not a discharge of the debt, and the act of receiving it was unofficial.

That position cannot be maintained. By *section* 37, *chapter* 91, *vol.* 2, *Rev. Statutes*, it is provided, that "any payment made to a sheriff or other officer, or his deputy, on an execution after the return day thereof, and while the same remains in his hands, shall, to the extent thereof, be deemed a satisfaction of so much of the same; and the officer and his sureties in his official bond shall be responsible therefor in the same manner as if the payment were made before the return day."

Prior to the adoption of the Revised Statutes the law was different, as was held by this court in the cases of *Rudd & Ferguson vs. Johnson*, (5 *Litt.*, 19,) *and Stephens vs. Boswell*, (2 *J. J. Mar.*, 29.)

And we are aware that this court, in the case of *Chinn vs. Mitchell*, (2 *Met.*, 94,) expressed the opinion that sheriffs and their deputies have no right to receive money upon executions placed in their hands for collection, *after the return day*, unless the same had been levied before, and that the receipt of the money under such circumstances would be unofficial. That was a proceeding to enjoin the collection of an execution which had issued upon a replevin bond, upon the ground that Chinn had paid the money to the clerk upon the replevin bond, who had the custody thereof, before the execution issued, and who by law was authorized to receive it. This question, then, was not before the the court, and the attention of the court was not

called to the section of the Revised Statutes, *supra,* by which the responsibility of sheriffs or their deputies has been changed.

There cannot be any doubt, then, that the sheriff was responsible to the plaintiff in the execution for the amount paid to his deputy while it was in his hands, although the payment was made after the return day ; and, having paid it, he had a right to hold appellants responsible to him upon their obligation.

The judgment is therefore *affirmed.*