### JAMES DONOVAN *v.* L. J. BRADFORD.

**Compromise and Settlement—Matters Included in Settlement—Presumption.**

> Where the claim might have been included in a settlement between the parties, made several years prior to its assertion, and it was not asserted until after a judgment had been rendered against the guardian on the settlement note, it will be presumed that all matters between the parties were included in the settlement.

APPEAL FROM BRACKEN CIRCUIT COURT.

March 5, 1873.

OPINION BY JUDGE PRYOR:

The injunction was properly dissolved as to the claim for usury. This defense should have been made at law. *Chinn v. Mitchell,* 2 Met. 92. As to the alleged claim for one hundred dollars, the value of tobacco sold and delivered the appellee and his partner in the year 1859, we have only to say that it is rather remarkable that in a settlement made between these parties in the year 1867, this claim was not there included and particularly as the appellant then executed his note to the appellee for upwards of eight hundred dollars. This was eight years after the tobacco was delivered, and in the year 1868 a suit was instituted on this note and judgment rendered without the presentation of any such claim on the part of the appellant. He is concluded by laches on his part and the presumption must be indulged in that all of the matters between these parties were included in the settlement of 1867.

Judgment is *affirmed.*

*Willis, Rodman, for appellant.*

*Doniphan, for appellee.*