## CLAY *v.* SHIRLEY.

A minor child, deserted by his father and emancipated by his mother, is entitled to his own earnings.

There is no legal presumption of emancipation. Such condition is a question of fact. It may be implied from circumstances, and inferred from the conduct of the parties interested.

ASSUMPSIT, for labor. The plaintiff lived with the defendant, and worked on his farm from June, 1866, when he was twelve years old, till November, 1870, when he left of his own accord. His father and mother are both living. Before 1866 his father abandoned his family, including the plaintiff, and since that time has made no provision for their support, exercised no control over them, interfered with them in no way, and they have heard very little of him. His mother was poor and unable to support him, and for a time he was supported by Hooksett as a pauper. The jury found specially the following facts: The plaintiff's father being in parts unknown, his mother requested his grandfather, Daniel Brown, to get a place for the boy. Brown thereupon took him from the town farm, and made a verbal agreement with the defendant to give him board, clothes, and schooling, and, if he remained till of age, $150. This bargain was authorized by the mother. The jury also found that the value of the plaintiff's labor, over and above what he had received, was $102.91. The defendant objected that this action could not be maintained, and that question was reserved.

*Morrison, Stanley & Hiland,* for the defendant.

The action cannot be maintained:

1. Because the mother was guardian by nature, and, as such, had a right to make the contract through Brown with the defendant, which was a valid and binding contract.

2. Because the mother stood as a widow, and had the right to her minor children's earnings, and could also make binding contracts for them, as was done in this case.

3. Because there was only a quasi emancipation, which did not affect the right of the mother to contract for her child.

4. Because this contract was in fact made by the father, if the mother had no right to act independently of him.

5. Because, if this contract was not made by the father or by the mother with right, it was made by the grandfather, standing *in loco parentis.*

*Briggs & Huse,* for the plaintiff.

FOSTER, J.   If a father obliges his child to support himself, there is no principle but that of slavery which entitles him to the child's wages.    Sch. Dom. Rel. 345; *Nightingale* v. *Withington,* 16 Mass. 274.

If the father deserts and abandons his family, exercises no control over them, interferes with them in no way, manifests no interest in their welfare, and does not communicate with them, the relation of master and servant is dissolved, and the principle of slavery no longer sustains the father's right to his child's wages. It is as if the father were dead, and the custody of the child and the right of appropriation of its wages were thereupon devolved upon the mother.

Emancipation is not to be presumed.   It is a question of fact. Emancipation may be implied from circumstances, and may be inferred from the conduct of the parties interested.     *Wells* v. *Kennebunk,* 8 Me. 202; *Abbott* v. *Converse,* 4 Allen 533; 1 Cool. Black. 453, *n.* 13; *Dennysville* v. *Trescott,* 30 Me. 473; *Lisbon* v. *Lyman,* 49 N. H. 553.

If a father allows his son to go from him and employ himself as he pleases and take his wages, it is a qualified emancipation. *Wodell* v. *Coggeshall,* 2 Met. 92.

If the father is dead, or if he has deserted his family, the mother stands *in loco patris,* and she is entitled, in such case, to the earnings of her   minor   child.   *Lubec* v. *Eastport,* 3  Me. 220; *St. George* v. *Deer Isle,* 3 Me. 390; *Freto* v. *Brown,* 4 Mass. 675; *Kelley* v. *Davis,* 49 N. H. 187.   But she also may emancipate him; and this emancipation may be inferred from circumstances and conduct.

In *Wells* v. *Kennebunk,* after the desertion of his father the child lived in his grandfather's family.   The mother did not contribute to his support, nor control his conduct, nor receive his wages.   Said *Mellen,* C. J., "She seems to have resigned him to the care, government, and protection of the grandfather.   The language of her conduct seems to be plain, and not to be misunderstood.   The conduct of the child seems to speak a similar language : he has not followed her, or sought her aid, or submitted to her control.   Considering all the circumstances of this case, we are led to the conclusion that the child must be considered as having been emancipated."

The circumstances of that case are not so clearly indicative of that conclusion as those of the present, and we think it must be held that the plaintiff was emancipated by his mother.

After four years' service, the boy, of his own accord, left the employment of the defendant, in November, 1870, at which time, according to the verdict of the jury, the defendant was indebted to *somebody* for the boy's labor, over and above what the boy had received, in the sum of $102.91.

Two years elapsed before this suit was brought; and during all that time neither the father nor the mother nor the grandfather has ever made any claim, nor does either of them now make any claim, to recover the child's wages; nor, so far as we are informed, has either of them attempted in any manner to control his person or his conduct, or to interfere with the prosecution of this suit.

It would be difficult to conceive of a clearer case of implied, but unquestionable, emancipation. This boy, deserted by all the world, has a right to earn and enjoy, as best he may, his own living; and the defence set up here,—that if the boy claims his wages, they belong to his mother; and if his mother claims them, they belong to his father; and if his father claims them, they belong to his grandfather; and if his grandfather claims them, they belong to the father, or the mother, or the defendant—anybody but the boy,— comes with a very poor grace from the party who has received the plaintiff's services without rendering an equivalent for them.

*Judgment on the verdict.*