Opinion on the Court.
THIS was an action of assumpsit, brought in the. names of Black and Crozier, for the use of Wickliffe and others, against Crouch, for goods sold and delivered.
Crouch pleaded the general issue, and for further plea he alleged, “ that he holds a note on the plaintiffs, executed by them to a certain John Smack, on the 11th day of J une 1819, and payable the March next after the date of said note, for $176- 90, and assigned to the defendant by said Smack, for a valuable consideration, on the 2d day of June 1820, and here to the court shown, which he pleáds as a discount and set-off against the plaintiffs’ demand,” and then concludes with a vérification.
To this plea the plaintiffs replied, that the defendant does not hold the said note assigned as aforesaid by the said John Smack, on the 2d of June 1820, payable in March 1820; and say that the said assignment was not made on the 2d day of June 1820, for a valuable consideration, and concludes to the country; and the defendant also.
On the trial in the circuit court, the defendant read the note, and the assignment thereon, as alleged in the plea, without proof of their execution; .to whieh the plaintiffs objected, but the court overruled the objection. The plaintiffs then read a deed, bearing date the 13th of June 1820, executed by them to Wicldiffe and others, whereby the plaintiffs transferred and assigned to Wickliffe and others, among other things, all their debts, due* by bond, bill, note, book account or other1 *227 wise, in trust, to secure and pay certain debts due from the plaintiffs; and they théh introduced a witness, to prove that the assignment on the note by Smacl&^o the ■ defendant, was made after the date of the d®ed. The witness swore, that he had procured Smack to assign the note to the defendant, in payment of a-debt he owed the defendant, and that he was bound to pay Smack for the note; and he claimed, an exemption from being sworn as a witness in this cause, in consequence of his interest; and the court sustained his claim to an exemption, and would not compel him to give evidence. • To this opinion of the circuit court the plaintiffs excepted; and P judgment having been rendered against them, they have brought the case to this court by writ of error.
The acts of 1801.& 1812, iepKcatioiUo a plea traversing the ment of a note, plead as a set'ofr-
1. We have no doubt that the circuit court was correct in overruling the objection taken to the reading of the note and the assignment to the defendant, without proof of their execution. The replication of the plaintiffs to the plea of set-off, was not verified by oath; and in such case, we apprehend proof of the note and assignment, could not be required. Proof of the note, m such case, is dispensed with by the act of Í 8© 1, 1 Dig. L. K. 257; and proof of the assignment, by the act of 1812, 1 Dig. D. K. 99. It is-true, thatjbese provisions apply, literally, only to cases -where actip^ are brought upon such writings; but ti|§se provisions béihg remedial in thqi^ nature, ought not to be restricted in their operation to their letter, but should he liberally expounded, and applied to cases which are within the reason and spirit of those provisions, though not within their letter. And most clearly, when thus expounded, they must be construed to apply as well to cases where such writings are pleaded by way of set-off, as to those where actions are brought upon them. In fact, a set-off is in th^fia— ture of an action, and the plaintiff is allowed tó, j-eply&o it any matter which would be a bar to an aqfcjon, founded upon the same cause. Hence it is, that he may re-Éy the statute of limitations, though that statute, like e provisions in question here, applies literally only to actions, and not to pleas of set-off. The circuit court was, therefore, correct in permitting the note and the assignment to he read, without proof of their,.execution. . ■
2. But we cannot concur with that co.urt in the opinion, that the witness introduced, by the plaintiffs had a *228 right claim an exemption from giving evidence in tbe cause, in consequence of bis interest. A witness no doubt, cannot be compelled to-‘criminate himself; but we can nett admit that tbe mere circumstance of his being interested in the event of the cause, can give 'him a right to claim an exemption from being a witness against his interest. We are aware of no authority giving sanction to such a privilege, andUie reason of the thing is against it. Were it established as a rule, that no one could lie compelled to depose against his interest, it would greatly abridge the means of ascertaining the truth of litigated facts, and must, in many cases, operate to defeat the ends of justice. And these inevitable consequences would, as far as we can perceive, be compensated by no good or valuable end, which would be attained by such a rule.
A courtought not to sustain an objection jnade by a witness himself alone, that he is interested in the event of the suit; and that his testimony will disclose facts which may tie the foundation of a civil suit against him.
The judgment must be reversed- with costs, and the cause be remanded for proceedings to be had, not inconsistent with the foregoing opinion.