Judge Underwood
delivered the opinion of the Court.
HAZZARD as appellee of Mann, warranted Smith on an obligation, for the payment of $35, payable in current paper of Kentucky, and obtained a judgment before the justice of the peace. Smith-appealed to the circuit court. Hazzard filed a declaration in the circuit court, to which Smith icpiicd by a plea of set off. The matter of the plea, consisted in a note for $45, executed by Mann to Bland, who assigned it to Beard,who assigned it to Smith, the defendant; and the plea avers, that the assignment of this note to Smith, took place before Mann assigned his obligation to Hazzard, To the plea of set off, Hazzard tendered two replications, one denying that Mann was indebted *67 to the defendant, Smith, in the manner set forth in the plea before the assignment to Hazzard; the other denying that the note mentioned in the plea, was assigned to Smith, before the note sued on, had been assigned to Hazzard. The counsel for Smith objected to the filing of these two replications, and the court sustained the objection, to which Hazzard’s counsel excepted. H.tzzird’s counsel then demurred to the plea, and the court sustained the demurrer. Smith’s attorney then asked leave to amend the plea, which was allowed by the court, and the plea amended. Hazzard failed to reply to-the plea as amended, but insisted on the right to waive the trial at that time, and fo have the cause continued on account of the amendment made to the plea. The court refused to continue the cause, and gave judgment in favor of Smith, for want of a replication, to which Hazzard also excepted. The assignment of errors, questions the correctness of the opinions of the court excepted to as above. We think the court did right, in rejecting the replications to the plea. The object of all good pleading, is to arrive at a single point on which to form an issue, and if two replications can be filed to the same plea, a dozen may with the same propriety. By the same rule, two or more rejoinders might be filed to one replication, and thus, there would be no end to pleading. We know that a plea of set off, is regarded in the nature of a declaration; but we are not disposed oh that account to indulge in a multiplicity of replications, a thing without precedent so far as we are informed, and if tolerated, would lead to perplexing consequent ces. Moreover, the replications if good, should have been verified'by oath.' See 3 Littell, 227, for the proper instruction of the acts of 1801 and 1.812, upon this subject.
Objected to & rejected..
Plaintiff demurs; demurrer sustained.'
Plea amended'
Continuance moved by plaintiff and' refused.
Judgment foE. want of replication.
The object of-pleading to bring the controversy to a close, and reduce the contest to a point Two replications to a plea, or two joinders to a replication, not admissa* • ble.
When it doeaj not appear from the record, that an amendment is in so essential a point as to constitute surprise; the the court below may have sustained a demurer, before amendmeni, the court of-appeals will not infer that the amendment was ?o essential, or in a matter so material, as to consider it error in the court to have refused a continuance.
*67 There is nothing on the record which will enable us to determine that the court erred in refusing the continuance asked for. It does not appear what amendment was made to the plea.. Whether it was the correction of a misrecital, not cause of surprise, as was the case of Watts vs. McKenney, 1 Marshall, 560, or the correction of something informal and not essential to the defence, cannot be told. If it were on either of these grounds, the plea was amended, and no other, *68 the court was right in refusing the continuance, it;, may be urged, that as the court sustained the demurrer to the plea, we are bound to presume that the plea was radically defective, and that the amendment made was to cure a substantial defect, which would have entitled the party to a continuance, operating as a surprise. To tnis we answer, that the plea exhibited in the record as that to which the demurrer applied, if true, is a good defence to the action, and in what respect it was amended not appearing, we cannot indulge in a presumption that new matter, essential to the defence, was introduced when there was no necessity for it.
No presumption indulged in favor of a party, whose d--ty it was, aud who bad the power to make the faot appear.
Crittenden and Hoggin, for plaintiff.
Nor are tve disposed to aid the party by presump-, tion, when he failed to present on the record the precise character of the amendment which was made, ass he should have done.
The judgment of the court below is affirmed,