THOMPSON
vs
WARE.

---

CHANCERY.

*Case* 8.

## Thompson *vs* Ware.

### ERROR TO THE WOODFORD CIRCUIT.

*Usury. Judgments. Decrees.*

*December* 10.

*Case stated.*

JUDGE BRECK delivered the opinion of the Court.

FANNY WARE, sole executrix and devisee of Charles Ware, deceased, held a note upon David Thompson for $1,075, which had been given to her testator, and to secure the payment of which, a mortgage upon real es-tate had been also executed to him by the obligor. In 1843, William Thompson having a junior mortgage upon the same property, exhibited his bill for a foreclo-sure, making the executrix of Ware and the mortgagor defendants. The former filed her answer, setting up her claim and relying upon her elder mortgage. The

latter also answered, admitting the mortgages and claiming in regard to the note of Ware, no other credits than those endorsed thereon, stating that "he was willing to abide a decree subject to the amount of credits for interest paid, marked on the note."

A decree of foreclosure was rendered, the land sold by a Commissioner, who took a sale bond from the purchaser for the purchase money, payable to himself. The claim of the executrix was decreed her and directed to be first paid, out of the proceeds of the sale, and the residue to be applied to the demand of the junior mortgagee. A final decree was rendered confirming the sale and the conveyance by the Commissioner to the purchaser. Afterwards an arrangement was made, by which the purchaser re-conveyed the land to David Thompson, and the executrix released her portion of the sale bond and any lien she might have upon the land, and took the note of Thompson, with personal security, for $1,292 60, the amount of her decree.

A judgment at law having been obtained upon this note, Thompson exhibited this bill in chancery, alledging that the note for $1,075, embraced usurious interest, and that during the life of Ware, he had annually paid him interest thereon at the rate of ten per cent., and after his death, that he had paid his executrix interest for several years, at the same rate. That for payments thus made, he had only obtained credits for the legal interest. That by these and other payments made since he gave the last note which was executed upon cancelling the first note, and for same consideration, he had entirely paid off the original debt and legal interest, and he, therefore, prayed an injunction, which was awarded him, against the residue of the judgment at law.

The object of the bill.

The defendant filed her plea and answer, relying upon the decree in the suit for foreclosure, and the fact that the last note had been given in consideration of her interest in the sale bond for the land, as conclusive upon the complainant and a bar to the relief now sought. She admits the allegations as to the usury paid after the death of her testator, but denies having any knowledge

THOMPSON
*vs*
WARE.

Decree of the
Circuit Court.

Usury paid upon
or collected un-
der a judgment,
may be recover-
ed back by bill
in equity, but it
cannot be recov-
ered back at law
or when paid or
collected under
a decree in chan-
cery.

of the usury alledged to have been paid before that time. Some testimony was taken by the complainant, tending to sustain the charge in his bill in that respect.

The Court below dissolved the injunction and dis- missed the bill, and the complainant has brought the case to this Court for revision.

It has been decided by this Court, *Pearce* vs *Hedrick*, (3 *Litt.* 109,) and other cases, and may be regarded as the settled doctrine, that usury received upon or col- lected by judgments, may be recovered back by bill in equity; but we are aware of no case in which it has been decided that usury received upon a decree, could in that or any other way, be reclaimed. Nor do we know of any case in which that question has heretofore been presented. It is virtually presented in the case before us. The note upon which the judgment enjoin- ed was rendered, was received in satisfaction of the de- cree in the previous suit. The original note of $1,075, had been merged in that decree, and so far as the obli- gor, Thompson, was concerned, paid off and discharged. His land had been sold and conveyed to the purchaser, who had become responsible for the payment of the amount decreed the defendant. The complainant was released and no longer or further liable. Instead of receiving the money from the purchaser, she agrees to take, in lieu thereof, the note of the complainant with personal security, for the amount. The consideration was not, as alledged, the original note or any liability on the part of the complainant, but the decree and lia- bility of the obligors in the sale bond for the land.

The right of the complainant to recover back the al- ledged usury, if the money upon the sale bond had been actually paid; or in the event the complainant had paid off the note for the $1,292, or the judgment rendered upon it, and the right to enforce the unpaid portion of the judgment, present, in our opinion, precisely the same question. In either case the question would depend upon the effect of the former decree, and whether the complainant could go behind it for the purpose of im- peaching its consideration and justice. That decree

settled the rights of the parties in regard to all the matters in issue. It was a material point in issue, to what extent or for what sum the defendant was entitled to a decree. Upon that question the complainant expressly admitted that the defendant was entitled to recover the original note, which she had set up and relied on, subject to the credits thereon endorsed. The decree was rendered accordingly, and which has not been reversed or set aside; nor does he now, in his bill, directly attempt to set it aside or impeach it, for he makes no allusion to it whatever. But he, nevertheless, bases his right to relief, in effect, upon the ground that the decree was for too much and unjust. He presents the same question or issue, which was made and decided in the former case. It seems to us the decree is conclusive as to the right of the defendant to recover the amount of the original note, subject only to the credits endorsed thereon, and that the complainant is precluded from going behind it and showing that the credits upon the note were for less than they should have been, or that usury was included in it, and consequently that the decree was unjust.

A decree can only be set aside for error or fraud in obtaining it. In the former case it can only be done by appeal or writ of error or bill of review, and in the latter, by original bill. The complainant has not attacked the decree in question in any of these modes. He alledges no fraud, no mistake, or the discovery of any new facts bearing upon the case.

This Court say in *Pearce* vs *Hedrick*, *supra*, that usury paid upon a judgment, cannot be recovered back at law, against the judgment; for judgment cannot be rendered against judgment in a Court of law. So in a Court of equity, decree cannot be rendered against decree. A Court of equity decreed that complainant should pay the defendant $1,292, and he paid it. It cannot now turn round, while that decree is still in force, and decree that the defendant shall refund to the complainant the amount so decreed and paid to her, or any part thereof.

*Decrees in chancery can only be set aside for error or fraud in obtaining them, in the first case by writ of error, appeal or bill of review, in the latter by original bill.*

*Usury paid under a decree in chancery cannot be recovered back by a decree in chancery.*

The Court below was, therefore, right in refusing the relief sought, and the decree is affirmed.

*B. & A. Monroe* for plaintiff; *Logan* for defendant.