Hon. JOHN S. TENNEY, ll.d. ⎫
Hon. SAMUEL WELLS, ⎬ Associate Justices.
Hon. JOSEPH HOWARD. ⎭

---

## Thomas J. Footman *versus* Stetson.

Where judgment has been recovered upon a note, for its full amount, the debtor, after having paid the execution, is precluded by the judgment from maintaining an action, brought to recover back the illegal interest, which he alleges to have been included in the note.

Assumpsit to recover back money, paid for illegal interest, upon certain notes given by the plaintiff to the defendant, and signed also by Orrin Footman as surety, dated in 1834.

The plaintiff offered Orrin Footman, as a witness, who was objected to, because a party to said note, but was admitted. It appeared that judgment upon the note, including the illegal interest, was recovered against this plaintiff in Oct. 1845, which was paid by him on execution in the spring of 1846. This writ is dated Feb'y 1, 1847.

Footman *v.* Stetson.

The defendant pleaded, by brief statement: — 1. That no part of the plaintiff's claim accrued within one year. 2. That no part of it accrued within six years. 3. That the plaintiff is estopped by the judgment from maintaining this suit. The case was submitted to the court for an appropriate judgment.

*Hutchinson*, for the plaintiff.

Orrin Footman was but a surety, and the debt had been paid. That he was admissible as a witness, is decided in *Webb* v. *Wilshire*, 19 Maine, 406.

The statute gives this action. It is that, "whoever shall pay, on any loan of money, in *any manner*, a greater sum or value than is by law allowed to the creditor, may recover of the creditor the excess so received." R. S. c. 69, § 5.

*D. D. Stewart*, for the defendant.

TENNEY, J. — The case shows, that the payment of what is alleged as being usurious interest, was made in the spring of the year 1846. This action to recover the same was commenced on Feb'y 1, 1847. The statute of limitations which the defendant relied upon, R. S. chap. 69, § 8, is inapplicable.

It was objected, that Orrin Footman, who was allowed to testify for the plaintiff in the case, was incompetent, on the ground that he was upon the note in which illegal interest was reserved. It appears by the case, that he signed the note as surety for the plaintiff, and had no other interest therein. The judgment recovered upon the note was satisfied fully by the plaintiff. By the authority of the case of *Webb* v. *Wilshire*, 19 Maine, 406, this did not render him incompetent.

A more material question involved in the case, is whether an action can be maintained to recover back illegal excess paid by the debtor upon a judgment rendered in a suit upon the note containing the usurious interest.

It is a well established principle of the common law, that a judgment cannot be impeached directly, indirectly or collaterally. While it remains unreversed, it is conclusive upon the parties in every respect. *Loring* v. *Mansfield*, 17 Mass. 394; *Homer* v. *Fish & al.* 1 Pick. 435; *Whitcomb* v. *Wil-*

*liams,* 4 Pick. 228 ; *Weeks* v. *Thomas,* 21 Maine, 465.    To
this general rule a judgment obtained upon a contract where
usurious interest has been reserved or taken, is not an excep-
tion.    In the case of *Thatcher* v. *Gammon,* 12 Mass. 268, it
is said by the court, that no distinction is to be found in the
books between this and any other defence.    The court say
further, in the same case, " the judgment is in all cases con-
sidered conclusive evidence of the existence and justice of
the demand, and unless voidable for error, it cannot be im-
peached, except for matter going in discharge of it *ex post
facto.*"

But it is insisted for the plaintiff, that this doctrine of the
common law has been modified by the R. S. chap. 69, § 5,
wherein it is provided that, " whoever on any such loan shall
in any manner pay a greater sum or value, than is allowed to
the creditor, may, or his personal representatives may, recover
of the creditor or his representatives, by action at law, the ex-
cess so received by such creditor, whether in money or other
property."    The counsel for the plaintiff contends, that the
terms " in any manner pay," &c. will embrace all payments
of illegal interest, not excepting those made in discharge of a
judgment rendered on a contract tainted with usury, when no
such defence was set up, while the action was pending.
This construction is contended for as being the literal mean-
ing of the language used.    If the terms employed are to be
thus interpreted, they will equally well apply to the payment
of a judgment, when the defence of usury was set up at the
trial, and upon that issue a verdict was rendered for the plain-
tiff for the full amount appearing upon the face of the con-
tract to be due, inasmuch as the statute has not made the
right to recover back the excess over lawful interest to depend
upon the issue presented at the trial.

But it is believed that the language of the statute itself,
whether construed literally, or according to its spirit, will not
so clearly sustain the views taken for the plaintiff, as to ren-
der it certain, that the rule of the common law was designed
to be changed.    When the *manner* in which a payment is

made, is spoken of, it is not supposed to refer to the kind of *obligation*, by which the payment is secured, demanded or enforced, or the *mode* of enforcing it, but to the species of property or valuable thing in which payment is made. In a contract to give a consideration for something received, the *manner* of paying that consideration, would have reference particularly to that in which the consideration consisted, whether money, labor or goods, and not to the instrument, which may be the evidence of indebtedness, such as a note, bond or recognizance, or a judgment which may be obtained upon any such evidence. By the statute, the one who borrows money, afterwards paid *in any manner*, may recover the usurious excess of the lender, whether the latter received it in money or other property. The manifest intention of the Legislature was not to restrict the right of reclamation to cash payments. The statute has carefully provided, that its meaning should be understood, and that it should not be evaded by payments actually made or by contracts stipulating for payments, other than those in money. The language " so received by such creditor, whether in money or other property," was obviously used as explanatory of the previous words, " whoever shall *in any manner pay,*" &c. This construction secures to the borrower the fullest opportunity of recovering back money paid as interest above the legal sum, before a judgment has been obtained on the contract. It takes from him no right of availing himself of a defence upon the ground of usury, and at the expense of the creditor if the usury is established. But by the construction contended for by the plaintiff's counsel the one who has entered into an usurious contract, may omit defending a suit thereon, and afterwards institute a new suit to obtain the excess, which he has paid upon the judgment ; thus unnecessarily creating the right of an additional action, and allowing a judgment standing unreversed to be impeached in its effect by parol evidence. That such was the design of the authors of the statute, to be gathered from the terms employed, cannot be admitted.                                   *Plaintiff nonsuit.*