## SAVERY *v.* SAVERY.

Where in an action on a promissory note, the defendant obtained a rule on the attorney of the plaintiff, to show the authority under which he appeared to prosecute the action, which rule was based upon an affidavit, alleging that the plaintiff, (the indorsee), and the payee of the note, resided at Rome, in the state of New York; that the plaintiff, some time

in the year 1855, told the affiant, that the payee of the note had simply transferred to him the note sued on, as collateral security for the payment of a claim held by him against the said payee; that he had received the same upon the express understanding and condition between them, that he should not bring suit on the same against the defendant; and that he should not bring any action against him; and where the attorney answered the rule under oath, stating that in July, 1855, he received a letter from D. & L., of Rome, N. Y., whom he believed to be attorneys at law, of that place, enclosing the note sued on, stating that the note was the property of the plaintiff, and instructing him to secure it, or put it at once in process of collection, which showing, the court held sufficient; *Held*, 1. That the affidavit filed on the part of defendant did not make out a *prima facie* case, and the court might well have refused the rule in the first instance; 2. That the showing made by the attorney was sufficient.

*Appeal from the Polk District Court.*

SATURDAY, APRIL 9.

SUIT on a promissory note for the sum of one hundred and fifty-nine dollars, payable to G. W. Savery, or bearer, three months after date, and dated May 28, 1851. The defendant obtained a rule against the plaintiff's attorney, to show the authority under which he appeared to prosecute the action. This rule was granted, upon the affidavit of Sarah Savery, that the plaintiff and the payee of the note, reside at Rome, in the state of New York; that the plaintiff, sometime in the year of 1855, told the affiant, that G. W. Savery, the payee of the note, had simply transferred to him the note sued on, as collateral security for the payment of a claim held by him against said G. W. Savery; that he had received the same, upon the express understanding and condition between them, that he should not bring suit on the same against defendant; and that he should not bring any action thereon against him.

The plaintiff's attorney answered on oath to the rule, that in July, 1855, he received a letter from Dennison & Lynch, of Rome, N. Y., whom he believed to be attorneys at law of that place, enclosing the note sued on—stating that the note

was the property of Richard G. Savery, of Rome, and instructing him to secure it, or put it at once in process of collection.

The court decided that the attorney had shown sufficient authority, and allowed him to appear and prosecute the action. To this ruling of the court, there was an exception, and the defendant appeals.

*T. E. Brown*, for the appellants.

*Williamson & Nourse*, for the appellee.

STOCKTON, J.—We think there was no error in this decision of the court. The authority shown by the attorney, in the absence of anything to throw a suspicion on its good faith, was sufficient to justify the court in permitting the attorney to prosecute the suit. It will be observed, that there was no motion to dismiss the suit, for want of sufficient authority shown by the attorney to commence, or prosecute the same; and there was no affidavit of defendant, to the effect that he believed that the attorney was prosecuting the suit without authority. The affidavit filed does not make out even a *prima facie* case against him; and the court might well have refused the rule, in the first instance, unless the defendant had shown some better reason for granting the same.

Judgment affirmed.