CASE 17—PETITION EQUITY—DECEMBER 26.

# Ross vs. Ross.

APPEAL FROM GARRARD CIRCUIT COURT.

A defendant in an action who has permitted judgment by default, and who has paid off and satisfied the same upon execution, can afterwards maintain an action in equity against the plaintiff for usury embraced in said judgment, notwithstanding he knew when the judgment was rendered, and when the money was paid, that the usury was embraced in the judgment.

A. A. BURTON, for appellant, cited 3 *Johns. Ch. Rep.*, 399 ; 8 *B. Mon.*, 28, 29 ; *Ib.*, 538 ; 5 *B. Mon.*, 318 ; 3 *Litt.*, 115, 117 ; 4 *Mon.*, 488 ; 4 *J. J. Mar.*, 87 ; *act of* 1798, 2 *Stat. Law*, 852 ; *Rev. Stat., chap.* 53, *sec.* 3 ; *section* 661 *of first draft of Civil Code ; Civil Code, sec.* 875 ; *Ib., sec.* 14.

DUNLAP and McQUERY, for appellee, cited *Civil Code, secs.* 14, 106 ; *Clemmens vs. Vail, MS. opin., Dec.*, 1856 ; 2 *Metcalfe*, 96.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

The only important point presented by this record is, whether, since the enactment of the 14*th section of the Civil Code*, a defendant in an action, who has permitted judgment by default and who has paid off and satisfied the same upon execution, can afterwards maintain an action in equity against the plaintiff, for usury embraced in said judgment ?

The section *supra* is as follows :

"*Sec.* 14. A judgment obtained in an action by ordinary proceedings, shall not be *annulled* or *modified* by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered. But such judgment does not prevent the recovery of *any* claim, *though* such claim might have been used as a defense by way of set-off or counter-claim in the action in which the judgment was recovered."

It is insisted that a defendant in a judgment embracing usury, who has paid the same, and who knew of the usury when

the judgment was rendered, is concluded by the section *supra* from recovering it back. And, moreover, that no claim which the defendant might or could have used as a defense to the original judgment can be afterwards set up against the plaintiff, *unless* such claim would have been available as a counterclaim or set-off.

In our opinion, neither one of these grounds is tenable.

It has been repeatedly settled by this court that usury, paid upon a judgment at law, cannot be recovered back at law, because judgment cannot be rendered against judgment in a court of law. (*Pearce vs. Hedrick*, 3d *Littell*, 109 ; *Thompson vs. Ware*, 8 *B. Mon.*, 28.) And it has been also adjudged that usury paid upon a decree in equity cannot be recovered back in equity, because decree will not be rendered against decree. (*Thompson vs. Ware*, *supra*, and *Moran vs. Woodyard*, 8 *B. Mon.*, 538.)

But it has never been held that *usury* paid upon a judgment at law could not be recovered back in equity. On the contrary, the right to such recovery has been repeatedly upheld by this court, not only under the act of 1798, (2d *Stat. Law*, 852,) which expressly confers the power upon a court of chancery to afford such relief, but also under the act of 1819, (*Ibid*, 857,) which is silent as to the *forum* in which the recovery may be had. (*Pearce vs. Hedrick*, *supra; Campbell vs. McGill*, 4 *J. J. Mar.*, 89 ; 4 *Monroe*, 488.)

The principle on which a borrower is allowed to recover back money paid as usury, and to escape from a release of his right to have restitution of the same, is, that he is constrained to the payment and release by the pressure of his condition. Or, in other words, that, in the payment, he does not act willingly, but is coerced by the unconscientious extortion of his creditor, whose demand, from his necessitous condition, he cannot resist. (5 *B. Mon.*, 318.)

The Revised Statutes, however, not only provide that "a chancery court may grant relief for any excess of interest and, to that end, compel the necessary discovery from the lender or forbearer;" but also declare "that such excess of interest may *be recovered* from the lender or forbearer, although the payment

thereof was made to his assignee." (*Rev. Stat., Stanton's ed.,* *vol. 2, page* 64.)

So that we have now, as in the act of 1798, *supra,* express statutory authority for a recovery of usury already paid, and the *forum* designated in which the relief may be granted.

Now the section of the Civil Code, *supra,* does not—in cases where a judgment has been rendered—forbid the recovery of money or any other claim, which the defendant in the action might have had against the plantiff, *unless* such claim could have been used as a counter-claim or set-off, as seems to be supposed by the counsel for the appellant. On the contrary, it expressly says that "such judgment does *not* prevent such recovery, *though* such claim might have been used as a defense by way of set-off or counter-claim in the action in which the judgment was rendered."

The whole effect of the provision, as its language imports, is to prevent the modification or annulment of a *judgment* in ordinary, by any order in an action by equitable proceedings, except for a defense which may have arisen or been discovered since the judgment was rendered. For a defense thus arising or discovered, the judgment may be modified or annulled, but upon no other ground. But, because the *judgment* can be only thus modified or annulled, it does not follow that the defendant may not assert his cause of action against the plaintiff in a distinct proceeding instituted for that purpose. This right is expressly saved to him by the section in question, seemingly, as though the legislature desired to remove any doubt on the subject.

In the case before us, the relief sought is not to modify or annul the judgment. That has been satisfied. It is to recover from the plaintiff in the judgment, money paid to him, but which he had no right to recover or receive. The fact that the defendant in the former judgment might have successfully resisted a recovery of the usury embraced in the debt sued for, does not prevent him from reclaiming it when paid, by a proceeding in equity, for the reason that the Revised Statutes permit such recovery, and it is not forbidden by the section of the Code, *supra;* and because, moreover, the right of action—

that is, the right to recover back—did not, nor could not, accrue until the usury had been paid.

In the case of *Chinn vs. Mitchell* (2 *Metcalfe*, 92,) it was decided that a party, against whom a judgment had been recovered for usury, and who was apprised of such defense prior to the rendition of the judgment, could not, by an equitable action, procure a modification or annulment thereof, because such relief was inhibited by the section, *supra*. But it was furthermore said—and, as is supposed, not *in arguendo*, nor unnecessarily, but because the point was raised and had to be decided—that if such party had *paid* the usury, and sought relief upon that ground, it would have been the duty of the court to have awarded him a judgment for the amount thus paid, although no change or modification of the former judgment could have been made. We are therefore of opinion that the appellee had the right, in equity, to sue for and recover usury paid upon the judgment, notwithstanding he knew, when the judgment was rendered, and when the money was paid, that the usury was embraced in the judgment.

In regard to the amount, we have had some difficulty, but that arises from the doubtful and evasive answer of appellant as to the renewals of the note, and the number of renewals made. The calculation made by the master, as to the amount of usury paid, approximates as nearly to the true sum as could be expected with the data furnished, and if any injustice has been done appellant it has resulted from his own reluctant and over-cautious disclosures. We are not satisfied that any error has been committed to appellant's prejudice, and shall therefore let the judgment stand.

Judgment *affirmed*.