CASE 36—PETITION EQUITY—SEPTEMBER 29.

# Scott vs. Shropshire.

### APPEAL FROM HARRISON CIRCUIT COURT.

A defendant sued for usury pleaded that he had sued on the debts alleged to have embraced the usury, and obtained judgment at law; that execution issued on the judgment was returned "no property," and that he had subsequently sued in equity to subject the interest of the plaintiff in certain lands to the payment of the debts, which had been done, and the debts satisfied. *Held*—That these facts presented no defense to the action.

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

The appellant recovered against the appellee two judgments in the Harrison circuit court—one for $1,557, the other

for $151—had executions issued thereon, which were returned
no property found. He thereupon filed in said court a petition
in equity, seeking to subject to his judgments an equitable
interest of appellee in a tract of land in the county of Harri-
son.

Upon the hearing of that cause, the court rendered a
formal judgment again for the debts, as well as for the sale
of the land. The land was sold and the debts thereby satis-
fied.

Afterwards appellee brought this suit in equity, seeking to
recover of appellant the usury embraced in the two notes, on
which said judgments at law were rendered. Appellant filed
his answer, relying, in the second paragraph, upon the fore-
going proceeding in equity as a bar to the action; to which
appellee demurred; his demurrer was sustained, to which
appellant excepted; and the correctness of that ruling is the
principal question presented by the record.

The judgments at law, rendered by default, present no
obstacle to the recovery of appellee, as settled by this court
in the case of Ross vs. Ross (3 *Met.*, 274); and as the proceed-
ing in equity was merely in aid of the common law judg-
ments, and for the sole purpose of having them satisfied, and
did not in any way involve their correctness, or the liability
of appellee for the whole amount thereof, we do not see
upon what principle it can have any further effect as a bar
to the present action than those judgments themselves had.

If it can have that effect, it must be upon the assumption
that the appellee had a right, in that proceeding, to relitigate,
upon the ground of usury, his liability upon the notes on
which the judgments were rendered, an assumption which is
in direct antagonism to the express provisions of section 14
of the Civil Code. He could only, under that section, avail
himself of " a defense that had arisen or been discovered
after the judgments are rendered."

The proceeding in equity did not seek any judgment *in
personam* against appellee; it was a proceeding *in rem*, the
purpose of which was to have satisfaction of the judgments
already rendered; and the rendering of a personal judgment

therein was outside of the ends and purposes of the proceeding, and was no part of the relief sought, and can have no further operation than to accomplish its legitimate objects; and the money arising. from the sale of the land, under the order of the court, must be regarded as paid upon the judgments at law, through the aid of the equitable action. The principle, therefore, settled in the case of Pearce vs. Hedrick (3 *Litt.*), and the other cases referred to by appellant, has no application to this case.

There is, therefore, no error in the judgment of the court sustaining the demurrer.

Nor do we see any error to the prejudice of appellant in the amount adjudged against him. The note for $1,557 was a renewal of the two former notes held on appellee, and a calculation of the interest on those notes shows that appellee paid on one of them the $110, which he claims to have paid. We are equally satisfied that the whole of the note for $151 was given for usury; in fact, it is so alleged in the petition, and not denied by the answer.

