Sherley v. Trabue.

---

CASE 14—PETITION ORDINARY—JANUARY 21.

## Sherley v. Trabue.

APPEAL FROM BARREN CIRCUIT COURT.

RECOVERY OF USURY.—A borrower may, by an action at law, recover usury paid by him either upon a judgment at law or in equity.

W. P. D. BUSH FOR APPELLANT.

1. It is not, and never was, the law in this State "that usury paid upon a decree in equity can not be recovered back in equity, because decree will not be rendered against decree," or for any other reason.

    As to the right to recover back usurious interest after payment thereof: Under the act of 1798: (2 M. & B. Stat., 852; Richardson v. Brown, 3 Bibb, 207; Morrison v. Helm, 4 Bibb, 460; Outen v. Graves, 7 J. J. M., 630; Pearce v. Hedrick, 3 Litt., 109; Lamme v. Saunders, 1 Mon., 264; Lawless v. Blakey, 4 Mon., 488; Hodge v. Owings, 5 Mon., 91; Rodes v. Bush, 5 Mon., 468; Thompson v. Ware, 8. B. M., 28.)

Sherley v. Trabue.

. Under the act of 1819: (2 M. & B. Stat.,.p. 856; Lillard v. Field, 1 J. J. M., 276; Sallee v. Duncan, 7 Mon., 382; McCampbell v. Gill, 4 J: J.' M., 87; Hodge v. Owings, 5 Mon., 91; Burnam & Co. v. Gentrys, 7 Mon., 354; Vance v. Weir, 3 Mar., 489; Lawless v. Blakey, 4 Mon., 488; Rodes v. Bush, 5 Mon., 468; Crutcher v. Trabue, 5 Dana, 80; Wood v. Gray, 5 B. M., 93; Breckinridge v. Churchill, 3 J. J. M., 12; Martin v. Martin, 12 B: M.,' 307; 'Ellis v. Brannin, 1 Duv., 50.)

Under the Revised Statutes, act of March 17, 1862, and old Code of Practice: (Rev. Stat., chap. 53, sec. 1; Myers' Sup., p. 292; Code of 1854, sec. 14; Moss' v. Rowland's Executor, 1 Duv., 321; Chinn v. Mitchell, 2 Met., 92; Ross v. Ross, 3 Met., 274; Scott v. Shropshire, 2 Duv., 153.)

The cases of Thompson v. Ware, 8 B. M., 26, and Moran & Woodyard,.&c., 8 B. M., 537, explained.      ·:

2. Under the law as it now exists, a cause of action accrues *eo instanti* when the borrower or debtor makes a payment in excess of the amount of the principal and legal interest thereon; and a court of equity may grant relief for any such excess of interest, although the payment was made on a judgment rendered in an equity action. (Gen. Stats., chap. 60, art. 1, secs 1, 2, 3, 4, 5; *Ibid.*; chap. 71, art. 3, sec. 4; Crutcher v. Trabue, 5 Dana, 83; Smith v. Young, &c., 11 Bush, 393; Breckinridge v. Churchill, 3 J. J. M., 12; Martin v. Martin, 12 B. M., 307; Ellis v. Brannin, 1 Duvall, 50; Chinn v. Mitchell,. 2 Duvall, 96.)

BOLES & DUFF ON SAME SIDE.

The appellant is entitled to recover, although the usury he seeks to recover back was paid on a judgment. (Chinn v. Mitchell, 2 Met., 92; Ross v. Ross, 3 Met., 274; Smith v. Berry, 5 B. M., 367.)

J. B. LESLIE FOR APPELLEE.

1. A judgment or decree in equity can be set aside or rendered ineffectual only by a proceeding in equity, and that even only for reasons that nowhere appear in this record.

2. Even though appellee had recovered his judgment in an action *at law*,. appellant could not recover in this action as "a judgment at law cannot be rendered against a judgment at law." (Pearce v. Hedrick, 3 Litt., 109; Thompson v. Ware, 8 B. M., 29; Ross v. Ross, 3 Met., 275; Lawless v. Blakey, 4 Mon., 488; McCampbell v. Gill, 4 J. J. M., 89.)

3. Appellant could not recover back by a proceeding in equity even the usury paid to appellee under his judgment rendered in an equity action. In a court of equity a decree cannot be rendered against a decree. (Thompson v. Ware, 8 B. M., 28; Pearce v. Hedrick, 3 Litt., 109; Ross v. Ross, 3 Met., 275; Scott v. Shropshire, 2 Duv., 154.)

Sherley v. Trabue.

4. Where a party "has his day in court" to litigate a demand, but instead
   of doing so voluntarily pays it, he is without remedy. (City of Louis-
   ville v. Anderson, &c., 79 Ky., 334.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

A judgment by default was rendered in equity upon
a note containing usury, and which was secured by a
mortgage upon land. The usury having been paid, this
action at law was brought within the statutory period
to recover it back. The judgment in equity is relied
upon as a bar. The General Statutes, chapter 60, pro-
vide:

Section 3. "A court of equity may grant relief for
any such excess of interest, and to that end compel
the necessary discovery from the lender or forbearer.

Section 4. "Such excess of interest may be recovered
from the lender or forbearer, although the payment
thereof was made to his assignee."

It has been said that judgment cannot be rendered
against judgment in a court of law, or a decree against
a decree in equity; and it is now urged that an action
at law cannot be maintained to overturn a judgment
either at law or in equity. Accordingly it was held
in the case of Thompson v. Ware, 8 B. M., 26, that a
bill in chancery would not lie to enjoin a judgment at
law upon the ground that it embraced usury. The
court *in arguendo* took a wide range in this case; but
the above point is the only one that can be considered
as having been decided by it, as it was the only one
involved. It was not an action to recover back usury
paid either upon a decree or a judgment at law. The
same question was presented in Moran v. Woodyard, 8
B. M., 537; where the court, however, went so far as to

recognize that under some circumstances a decree may be opposed to a decree, because it was there said that one might be enjoined upon grounds which would support a bill of review.

The question now before us, however, is not whether a judgment can be opposed to a judgment, or a decree to a decree; but whether usury paid upon a judgment in equity can be recovered back. It is conceded that if it be paid upon one at law, it may be recovered by suit in equity. If this distinction exists, it must either be because of statutory requirement, or because it is grounded in reason. A review of the various statutes upon the subject, and of the judicial construction which has been given to them, may throw some light upon the question.

By the provisions of the act of 1798 (2 M. & B., 852), under which Pearce v. Hedrick, 3 Litt., 109, was decided, the plea of usury was available to defeat the claim *in toto;* but the borrower had the right to a discovery by a bill in chancery, and then, if usury appeared, the chancellor relieved against the interest, the borrower paying the principal of the debt. He also had the right to pay the usury and then recover it back by a bill in chancery. This was also true under the usury act of 1819 (2 M. & B., 856).

We have been unable, however, to find any adjudication of the question, whether under the acts, *supra*, usury which had been paid upon a decree could be recovered by suit. The provisions of the Revised Statutes adopted in 1852 upon this subject are similar to those of the General Statutes now in force, save that hereinafter cited relating to limitation was not contained in the former.

The seventeenth section of the present Civil Code is in substance the same as the fourteenth section of the Code of 1851, and it provides: "A judgment obtained in an ordinary action shall not be annulled nor modified by any order in an equitable action except for a defense which arises or is discovered after rendition of the judgment. But such judgment does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of set-off or counter claim in the action."

In accordance with this provision and previous decisions it was held in the case of Chinn v. Mitchell, 2 Met., 92, that a judgment at law could not be enjoined upon the ground that it contained usury; but it was also decided, as in the subsequent case of Ross v. Ross, 3 Met., 274, that after the payment of it, the borrower could recover it back by suit. The first named case names no *forum* as exclusive for this purpose; while the other says that it can be done by a suit in equity.

We perceive no good reason for a distinction between the payment of usury upon a decree in equity and a judgment at law. A borrower is allowed to reclaim money paid as usury upon the ground that it was extorted from him by his necessitous condition, and the pressure of the lender. This being so, why should he not recover it whether paid upon the one or the other? The statute says that the "excess of interest may be recovered from the lender or forbearer, although the payment thereof was made to the assignee." In connection with it, sec. 4 of art. 3, chap. 71 of the General Statutes should be considered. It provides: "And no action shall be prosecuted in any of the courts of this

Commonwealth for the recovery of usury theretofore paid, for the loan or forbearance of money, or other thing, against the loaner or forbearer, or assignee or either, unless the same shall have been instituted within one year next after the payment thereof; *and this limitation shall apply to all payments made on all demands*, whether evidenced by writing or existing in parol."

The limitation is made to apply to "all payments made on all demands," and the two provisions of the statute, when considered together, authorize the recovery of money paid as usury, whether upon a judgment at law or a decree in equity.

There is no opposing of a decree to a decree. The relief sought does not annul or modify a judgment. It has been satisfied. The borrower sues to recover from the lender that which he had no right to exact, and which was paid without any consideration. The right to recover it does not accrue until the payment. There is no modification or change of the former judgment; but a new and distinct cause of action arises in favor of the borrower and against the lender, upon the payment of the usury. The law then raises a promise, by implication, of re-payment. A cause of action, by virtue of the statute, arises *eo instanti* in the borrower's favor.

Nor do we see any reason why he cannot recover it by an action at law. His right of recovery rests upon a statutory provision, which fixes no particular forum, and does not limit him to an equitable action. If he seeks a discovery of usury he must go into equity; but where he has paid it, there is a mere

·claim for money received by the lender to which he, in good conscience, was not entitled.

Our conclusion is that the borrower · may recover usury paid by him, either upon a judgment at law or in equity; and that he may do so by an action at law; and the amount of usury being admitted by the pleadings, the judgment below is reversed, with directions to render a judgment for the appellant for the amount claimed in his petition.