## TURNER v. HAMILTON.

### (Circuit Court, W. D. Missouri, W. D. June 27, 1898.)

USURY—ACTION ON JUDGMENT—RES JUDICATA.

In Kentucky, one who neglects to plead usury to an action for the debt, and suffers judgment to go against him, cannot, in an action on such judgment, interpose as a defense the amount of usurious interest paid prior to the judgment, though, under the state statutes as construed by the state courts, he would have a right, after paying the judgment, to sue, within one year, to recover the amount of usury embodied in it.

Stone & Suddath, R. G. Kern, Chas. W. Sloan, and F. M. Black, for plaintiff.

Karnes, Holmes & Krauthoff, for defendant.

PHILIPS, District Judge. On the 3d day of September, 1891, the New Farmers' Bank, a Kentucky banking corporation, recovered judgment against George Hamilton, A. W. Hamilton, and the above-named defendant, W. W. Hamilton, in the circuit court for Bath

county, in said state, a court of record of general jurisdiction, for the sum of $25,000, and interest thereon at the rate of 6 per cent. per annum from May 30, 1891, until paid; and the further sum of $3,898.45, with interest thereon at the rate of 6 per cent. per annum from the 4th day of June, 1891; and the further sum of $575.18, with interest thereon at the rate of 6 per cent. per annum from the 20th day of June, 1891; and the further sum of $10.55, as costs,—on which judgments various sums were afterwards paid, leaving a balance of $15,550.67, including interest to the 22d day of April, 1897. In 1893 said bank executed a deed of assignment for the benefit of creditors under the statute laws of the state of Kentucky. The plaintiff is trustee under said deed of assignment for its execution and administration. An action at law on said judgment was brought in this court October 2, 1897, against the said W. W. Hamilton, who has filed answer herein. Among the defenses pleaded by the defendant is the following:

"For a seventh and further defense, this defendant says that the indebtedness out of which said judgment arises was created a great many years ago, to wit, thirty years before suit was brought thereon; that during all of said time the said George Hamilton, the principal in said indebtedness, had paid usurious interest to the said New Farmers' Bank, the exact amount of which is not known to this defendant, but which, on information and belief, he avers to be in excess of nine thousand dollars; and that the books of said bank, whereby the amounts of said payments and usurious interest will fully appear, are in the possession and under the control of the plaintiff, and to which this defendant has no access. Wherefore this defendant states that, as the surety of the said George Hamilton on said indebtedness, he is entitled to have said judgment credited with said amount of nine thousand dollars so paid by said George Hamilton as usury, aforesaid, the same being included in said judgment, and the New Farmers' Bank being hopelessly insolvent."

The plaintiff has filed a motion to strike out said plea, for the reasons that the matters therein set out constitute no defense, nor any part of a defense, to the plaintiff's cause of action, and for the further reason that the defendant is estopped from pleading usury to the cause of action merged in a judgment, and because the plea does not state any fact showing that usurious interest was paid or received.

At common law, the rule is universal, that a judgment between the same parties in an action for the ascertainment of the amount due and owing on a promissory note or other contract is, as between said parties, conclusive, not only as to every matter embraced within the pleadings, but also as to every admissible matter of defense which might have been presented in that litigation. Cromwell v. Sac Co., 94 U. S. 352. It precludes the defendant in every forum wherever the judgment is produced as evidence from controverting the existence and amount of the debt, except where the judgment is assailed for fraud in obtaining it. If he had the means at the time of suit of proving the payment, release, or satisfaction, and he failed to show it, the matter as to the defendant has passed in rem judicatum. Dimock v. Copper Co., 117 U. S. 559–565, 6 Sup. Ct. 855; Black, Judgm. § 754. This rule applies equally to the plea of usury in avoidance of a judgment. Id. § 759; Freem. Judgm. § 284 (a); Heath v. Frackleton, 20 Wis. 320; McLaws v. Moore, 83 Ga. 179, 9

S. E. 615; Footman v. Stetson, 32 Me. 17. Neither will the courts open up and vacate a judgment to let in a plea of usury because such plea is held not to evoke equitable interposition. Black, Judgm. § 349, and citations in note; 27 Am. & Eng. Enc. Law, p. 1032.

The contention of defendant is that, whatever be the rule at common law, such a defense as is here interposed is admissible under the statutes and decisions of the court of appeals of the state of Kentucky; and as the defendant, had he been sued in the state of Kentucky, could oppose this plea in an action at law on the judgment, he is, under the act of congress of May 26, 1790 (1 Stat. p. 122), entitled to make the same defense here. This may be conceded. Hampton v. McConnell, 3 Wheat. 234.

The statutes of Kentucky applicable to this question contain, in substance, the following provisions relating to interest:

The legal rate of interest is 6 per cent. per annum.

"All contracts and assurances made, directly or indirectly, for the loan or forbearance of money, or other thing of value, at a greater rate than legal interest, shall be void for the excess over legal interest. The amount loaned, with legal interest, may be recovered on any such contract or assurance; but if the lender refuse, before the suit is brought, a tender of the principal, with legal interest, he shall pay the costs of any suit brought on such contract or assurance."

"A court of equity may grant relief for any such excess of interest, and to that end compel the necessary discovery from the lender or forbearer."

"Such excess of interest may be recovered from the lender or forbearer, although the payment thereof was made to the assignee."

"Partial payment on a debt bearing interest shall be first applied to the extinguishment of the interest then due."

"And no action shall be prosecuted in any of the courts of this commonwealth for the recovery of usury theretofore paid, for the loan or forbearance of money, or other thing against the lender or forbearer, or assignee, or either, unless the same shall have been instituted within one year next after the payment thereof; and this limitation shall apply to all payments made on all demands, whether evidenced by writing or existing in parol." Ky. St. c. 72, §§ 2218–2220, 2517.

It has been held by the court of appeals of Kentucky that the borrower has the right to treat the payment of usury as a payment on the principal and legal interest as long as the debt remains unpaid. Ellis v. Brannin's Ex'rs, 1 Duv. 49. It is further held by the court that, when sued for the debt, the defendant may plead the fact of usury paid by him on the debt, or the amount of usury contained in the evidence of debt, and the judgment can only go for the balance, if any, after deducting such usury; but, in case of failure to interpose such defense to the action, the defendant is not precluded by the judgment from recovering back from the judgment creditor, by independent action, the amount of usury paid; or, after paying and satisfying the judgment, he may maintain appropriate action against the creditor for recovery of the amount of usury thus paid, provided he institute such action within the time prescribed by the statute of limitations. Ellis v. Brannin's Ex'rs, supra; Scott v. Shropshire, 2 Duv. 153; Sherley v. Trabue, 85 Ky. 71, 2 S. W. 656.

The interesting and controlling question, however, presented by this answer, is: Where the defendant has neglected and failed to plead usury to the action when sued for the debt, and suffers judg-

ment to go against him, as is admitted in this case, can he, in this jurisdiction, when sued in an action at law on such judgment, interpose, as matter of defense, the amount of usurious interest paid by him prior to the rendition of the judgment? No adjudicated case by the court of appeals of Kentucky can be found supporting such defense to an action on the judgment. On the contrary, the rulings of that court and the language employed in its decisions indicate that, after judgment has been suffered for the debt, the only remedy provided for the borrower where he had paid usurious interest before the rendition of the judgment is an independent action to recover back the amount so paid; and, where such usurious interest constitutes a part of the judgment debt, he may bring an action against the judgment creditor to recover back the amount enforced against him.

In Ellis v. Brannin's Ex'rs, supra, in speaking of the legislative act of 1862, which limited the time for instituting such action by the borrower to "one year after the payment of such excess of interest," the court, after citing certain prior adjudications in that state, said:

"These cases decide that a payment of usurious interest will, at the election of the borrower, be applied as a payment of the principal and legal interest, and that the borrower could not recover back the amount of such payment, either at law or in equity, until he had paid the whole of the principal and legal interest; hence it was held that where usurious interest had been paid more than five years before the institution of suit to reclaim it, and there remained a balance due and paid within the five years sufficient to cover the usurious interest previously paid, such balance so paid, or so much as would equal the previous payment of usury, might be recovered, and the claim was not barred by the statute. The previous payment was treated as a discharge to that extent of the debt and legal interest. The subsequent and final payment was treated as payment of the usury. Such was the well-settled law on the subject at the time the act of 1862 was passed. And the only change introduced by that act was to reduce the period within which actions for usury might be brought from five years to one year. It was not intended to deprive the borrower of the right to treat payments of usurious interest as payments of the principal and legal interest as long as the debt remained unpaid; nor was the act intended to give the borrower a right of action to recover back such payments until he had discharged the entire debt. Any other construction would do violence as well to the letter as to the obvious intent and spirit of the act."

In Chinn v. Mitchell, 2 Metc. (Ky.) 92, it is inferable that Mitchell had recovered judgment against Chinn for the sum of $335, and that the defendant therein had executed a replevin bond for the property seized under execution. Thereupon Chinn filed a bill in equity against Mitchell, to enjoin the collection of an execution issued on the replevin bond, setting up as grounds of relief that, prior to the maturity of the replevin bond, he had paid to the clerk of the court, as the custodian of the bond, the sum of $285 on account thereof, and that the remaining $50 due thereon was for usury. Mitchell took issue upon the authority of the clerk to receive said money, and denied the validity of such payment, to the clerk, and, without denying the allegation respecting usury, alleged that it was too late for Chinn to present such defense, the matter of such defense being known to him prior to the judgment. The court held that the clerk was not authorized by virtue of his office to receive such payment,

and that the payment to him was no defense. In respect of the issue as to usury, the court called attention to section 14 of the Civil Code of Practice of the state, which declares that:

"A judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceeding, except for a defense which had arisen or been discovered since the judgment was rendered. But such judgment does not prevent the recovery of any claim, though such claim might have been used as a defense by way of set-off or counterclaim in the action on which the judgment was rendered."

The court then said that:

"The foregoing section of the Civil Code was adopted as an amendment to the prior Code, and took effect after the decision of this court in Dorsey v. Reese, 14 B. Mon. 127, which recognized the validity of an equitable defense after judgment, though existing and known prior to judgment. So that that case does not apply to the present."

The court further observed that it had no difficulty upon the last point—

"Because of the Revised Statutes (section 3, p. 420), which authorizes a court of chancery to grant relief against usury, and compel necessary discovery from the lender. Such was the law prior to the adoption of the statute, and such is still the law. The party seeking such relief must pursue it in the manner prescribed by the Civil Code, supra, which, if in conflict with the Revised Statutes, must prevail, as is expressly provided in section 748 of the Code."

In conclusion, the court said:

"Here the matter of usury in the debt sought to be collected was known to the party before the judgment, and was then available in defense, either at law or in equity. He failed to rely on it, however, and now seeks an injunction or modification of the judgment to the extent of the usury. He comes directly within the inhibition of the section supra, and is therefore not entitled to the relief. Greer v. George, MS. opinion, Dec., 1856. If he had paid the usury, and sought relief on that ground, it would have been the duty of the court to have awarded him a judgment for the amount thus paid as upon a distinct cause of action against the party receiving it, although no modification or change of the former judgment embracing the usury could have been made; and, if he is yet compelled to pay it upon the execution, his cause of action will then accrue; but, as the law now stands, he cannot, in the mode adopted, avail himself of the usury embraced in the judgment to procure a modification of or an injunction against said judgment, or any part thereof."

The clear meaning of which is that, where the defendant neglects in the original action on the debt to avail himself of the defense of usury, in an ancillary proceeding for the enforcement of the judgment he is restricted to such equitable defense as "has arisen or been discovered since the judgment was rendered." If he has already paid the usurious interest when the judgment was rendered, he can recover that back in an independent action; and where the usury is included in the judgment, "if he is yet compelled to pay it upon the execution, his cause of action will then accrue"; but he cannot "avail himself of the usury embraced in the judgment to procure a modification of said judgment."

While the case of Sherley v. Trabue, 85 Ky. 71, 2 S. W. 656, involves principally the question as to whether or not an action at law would lie to recover back usury paid on a judgment of foreclosure of a mortgage in equity, the discussion of the court sustains the view

that the foregoing exposition of the statute is correct. After referring to the foregoing provisions of the Code, Judge Holt said:

"There is no opposing of a decree to a decree. The relief sought does not annul or modify a judgment. It has been satisfied. The borrower sues to recover from the lender that which he had no right to exact, and which was paid without any consideration. The right to recover it does not accrue until the payment. There is no modification or change of the former judgment; but a new and distinct cause of action arises in favor of the borrower, and against the lender, upon the payment of the usury. The law then raises a promise, by implication, of repayment. A cause of action, by virtue of the statute, arises eo instanti in the borrower's favor."

The case of Bank v. Coke (Ky. App.; May 19, 1898), reported in 45 S. W. 867, furnishes no support to the contention of defendant's counsel on the issue as to whether or not the matter pleaded in the answer constitutes a defense to plaintiff's action on the judgment. In that case the creditors of Coke had recovered judgment against him, and had enforced the same against property mortgaged by Coke to secure the payment of said debts, and the mortgaged premises were sold to satisfy said judgment against Coke. Thereupon the creditors of Coke, as his equitable assignees, instituted suit against the creditors to recover back usurious interest alleged to have been paid by Coke to the creditors anterior to the judgment in the foreclosure suit. It was simply held in that case that the right to recover usury embraced in a judgment satisfied by sale of the land does not accrue until the sale is confirmed, and therefore the statute of limitations runs only from that time; and, further, that payments made by the borrower as usury will, at his election, be applied, first, upon the legal interest then due, and then upon the principal; so that, if he so elects, no usury can be regarded as having been paid until the satisfaction of the principal and legal interest. It is observable in this, as in other cases cited by counsel for defendant, that resort conformably to the statute was had to an independent action against the judgment creditor to recover back usury paid after the enforcement of the judgment against the debtor. The case is no authority for the proposition that, in an ancillary proceeding to enforce a judgment once recovered, the defendant can be admitted to make the defense therein respecting usury which he might have made to the original action.

The right to thus get back of the judgment to recover usurious interest, being in derogation of the common law, dependent alone upon an enabling statute, must be strictly construed, and the remedy furnished by the statute cannot be broadened by the application of any equitable principle. As already shown, equity does not recognize usury in a contract as a ground of relief against a judgment. So, when the enabling statute provides a remedy and prescribes a method of exercising it, it is conclusive of every other mode of procedure. As the statute, as construed by the court of appeals of Kentucky, authorizes the defendant in the original action to plead, by way of set-off or counterclaim, the amount of usury paid, upon the maxim, "Expressio unius exclusio alterius," it precludes the idea of the right to interpose such plea at any other time or under any other conditions. After the judgment, the Code inhibits any modification.

of it, "except for a defense which arises or is discovered after the rendition of the judgment; and such judgment does not prevent recovery of any claim which was not, though it might have been, used as a defense by way of set-off or counterclaim in the original action." The term "recovery," as thus employed, both from the context and its ordinary legal acceptation, implies an affirmative action, by which a party, by formal judgment in his favor, obtains redress from something "which has been taken or withheld from him." It is never employed to indicate a matter of defense.

To the suggestion of counsel that a suit against the plaintiff in the judgment to recover back usurious interest would be unavailing because of the insolvency of the bank and the nonliability of the trustee under the assignment, or, if a recovery could avail, what is the use of going through the formality of paying a sum on the judgment which the defendant could immediately recover back? there are two sufficient answers: In the first place, it is an appeal to the chancery side of the court, to prevent an unconscionable advantage, which in this jurisdiction can never be interposed as a defense to a law action. Bennett v. Butterworth, 11 How. 669; Buller v. Sidell, 43 Fed. 116; Montejo v. Owen, 14 Blatchf. 324, Fed. Cas. No. 9,722. And, second, the defendant's right to relief is given by special statute, contrary to common right; and when he saw fit to let the day of grace pass, when the statute empowered him to plead the payment in defense, he is without other recourse than that furnished by the statute, which is an action to recover back the usury paid. Without an enabling statute, he cannot claim it as a set-off to an action on the judgment when sued in this jurisdiction, as the right of set-off pertains to the remedy, and consequently is governed by the law of the forum. 2 Am. & Eng. Enc. Law, 238; Savery v. Savery, 8 Iowa, 217; Ruggles v. Keeler, 3 Johns. 263; Roach v. Privett, 90 Ala. 391, 7 South. 808; Bank v. Trimble, 6 B. Mon. 599; Davis v. Morton, 5 Bush, 160.

In view of the conclusion reached on the right to plead such matter in defense to the action on the judgment, it is hardly necessary to discuss the question of limitation raised by plaintiff's counsel. Apparently, the answer is double and contradictory. It first alleges that the principal debtor had paid usurious interest on the note to said bank, which, on information, is averred to be in excess of $9,000, which, taken in connection with what precedes, is to be understood as payments made prior to 1891. Then, in the concluding part of the paragraph, it is alleged that this usurious interest is included in said judgment. If the usurious interest is included in the judgment, as no cause of action would accrue to recover the same back until payment of the judgment, the statute of limitation, according to the ruling of the Kentucky court of appeals, would not begin to run until from the date of such payment. If it is the meaning of the pleader that payments of usurious interest prior to the rendition of the judgment are to be regarded as so much payment on account of the principal and lawful interest, then, according to the ruling in Ellis v. Brannin's Ex'rs, supra, where usurious interest had been paid more than one year before the institution of suit to reclaim it, and

there remained a balance due and paid within the year sufficient to cover the usurious interest previously paid, such balance so paid, or so much as will equal the previous payment of usury, might be recovered, and such a claim would not be barred by the statute. But as this would be a defense of payment, it should have been made to the original action, as a plea of payment is bad after judgment. Greenabaum v. Elliott, 60 Mo. 25-29. But, according to the Kentucky statute, if the defense of payment was not made timely, the defendant may, nevertheless, institute suit to recover back the amount of usurious interest paid. When such suit should be brought, the defendant therein could interpose the plea of the statute of limitations.

It is not deemed essential to pass upon the question raised in argument by counsel for plaintiff as to whether, under the Kentucky statute entitling the borrower to recover back the amount of usury paid by him, the remedy could be invoked by the surety, further than to say that no recovery could be had by such surety until after he had paid off the judgment which contained usurious interest. It may be conceded that it would have been a matter of defense, which the surety could have availed himself of in the original action, to have set off the amount of usury paid in diminution of the amount of the judgment against them.

It results that the motion to strike out the paragraph of the answer in question is sustained.