## Courtney v. Dunning, et al.

(Decided December 4, 1923.)

### Appeal from Christian Circuit Court.

1. Bills and Notes—Burden of Proof on Plaintiff Under a Plea of Non Est Factum.—Where a plea of non est factum is properly made in an action on a note, the burden of proof is on the plaintiff.

2. Appeal and Error—When Judgment Reversed for Usury Appearing in Record.—Under Ky. Stats., section 2219, a judgment for plaintiff on a note will not be reversed as for usury appearing in the record and not pleaded where a witness, in testifying upon another issue, made a statement which, when analyzed, tended to show that usury was charged, and the attention of the court was not drawn thereto by an offered instruction or specific objection to a given instruction or otherwise, and only a mere general objection was made to an instruction otherwise correct.

3. Appeal and Error—When Judgment Containing Usury is Reversible Stated.—A judgment containing usury will not be reversed unless usury be pleaded, or appear of record, or is otherwise brought to the attention of the court, and in such case the defendant will be restricted to his right to pay the judgment and recover the usury at any time within one year thereafter.

WHITE & CLARK for appellant.

THOS. P. COOK and TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

L. W. Dunning brought this suit against G. C. Courtney and others to recover on a promissory note for $825.00, dated April 17, 1920, and payable one year after date with six per cent interest from maturity. Courtney pleaded *non est factum,* and a trial before a jury resulted in a verdict and judgment for plaintiffs. Courtney appeals.

As the evidence was conflicting and, therefore, such as to make the question of *non est factum* one for the jury, a statement of the facts is unnecessary, and we shall proceed to discuss the grounds relied on for reversal.

(1) One of the contentions of appellant is that the court erred in not awarding him the burden of proof. It is the settled rule in this state that where a plea of *non est factum* is properly made, the burden of proof is on the plaintiff. Wash v. Pearce, 148 Ky. 760, 147 S. W. 739; Radford v. Harris, 144 Ky. 809, 139 S. W. 963; Cox v. Cox, 79 S. W. 220, 25 K. L. R. 1934; Gill v. Johnson, 1 Met. 649; Black v. Crouch, 3 Litt. 226. It is true that Whitteker, Admr. v. Holcomb, 177 Ky. 790, 198 S. W. 532, contains a statement to the contrary, but the question was not involved in that case, and the statement was inadvertently made.

(2) Appellant did not plead usury. but on the trial appellee testified that the amount of the loan represented by the note was $750.00, and that the balance of $75.00, represented the interest for one year. The court instructed the jury to find for plaintiff in the sum of $825.00 with six per cent interest from April 17, 1921, if they believed from the evidence that the defendant signed the note sued on, but unless they so believed, to find for the defendant. It is insisted that the instruction to which appellant objected and excepted was erroneous in that it authorized a recovery of usury, and that, for this reason, the judgment should be reversed. It is true that our statute declares all contracts for interest in excess of the legal rate to be void, section 2219, Kentucky Statutes, and that we are committed to the doctrine that in every case where it appears from the record that a party is seeking to recover usury, whether pleaded or not, judgment therefor should be denied by the trial court, and, if allowed, it will constitute error for which the judgment will be reversed.

Hill v. Cornwall, 95 Ky. 512, 26 S. W. 540; Lucking's Admr. v. Gegg, 12 Bush 298; Bunger v. Hart, 3 K. L. R. 518. The reason for the rule is that the court is charged with knowledge of what appears of record, but we are not willing to extend this rule to a case where a witness who, in testifying upon another issue, makes a statement which, when analyzed, tends to show that usury was charged, unless the attention of the court be drawn thereto by an offered instruction, or specific objection to the given instruction, or in some other appropriate way, and a mere general objection to an instruction which is otherwise correct will not be sufficient for the purpose. In other words, a judgment containing usury will not be reversed unless usury be pleaded, or appear of record, or is otherwise brought to the attention of the court. In such a case the defendant will be restricted to his right to pay the judgment and recover the usury at any time within one year thereafter. Sherley v. Trabue, 85 Ky. 71, 2 S. W. 656.

Judgment affirmed.